UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| EILEEN CARRY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-0466 |
| | ) | Judge Trauger/Brown |
| DEBRA GONZALEZ, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

To:  The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned RECOMMENDS that the defendant's motion to dismiss and/or motion for summary judgement (Docket Entry No. 17) be granted and that this action be dismissed.

## I. INTRODUCTION

The plaintiff, a resident of Los Angeles, California, brings this action under 28 U.S.C. § 1332 alleging the following causes of action against defendant, Dr. Gonzalez, a resident of Davidson County, Tennessee: breach of duty of reasonable care, unethical conduct, professional misconduct, negligence, malpractice, perjury, abuse of legal process, violation of professional ethics, wanton disregard for moral ethics, intentional infliction of emotional distress, deliberate violation of privacy, violation of civil rights, violation of public and private trust, violation of professional conduct and ethics, false and misleading statements, intentional malice towards plaintiff, lying to incite law enforcement to act, discrimination, and violation of basic human

decency. This action was referred to the Magistrate Judge on May 15, 2006:

> for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B) and to conduct any necessary proceedings under Rule 72(b), Fed. R. Civ. P.

(Docket Entry No. 2) The case was re-referred to the undersigned on December 19, 2006 following an initial Report and Recommendation. (Docket Entry No. 21)

## II. BACKGROUND

This is the second of two actions filed by plaintiff against defendant.[1] The plaintiff filed the instant complaint on May 12, 2006. (Docket Entry 1). In her complaint, plaintiff alleges that on May 10, 2005, she sought professional medical assistance from defendant, Dr. Gonzalez, a psychoanalytic candidate who practices psychotherapy under supervision. (Docket Entry 1, ¶¶ 2-6; Docket Entry 18, Exhibit A, ¶ 2). Plaintiff alleges that later that same afternoon, Dr. Gonzalez disclosed plaintiff's confidential treatment information and knowingly made false statements about her behavior to various persons, including law enforcement officials, which resulted in plaintiff being questioned and harassed that day by the police. (Docket Entry 1, ¶¶ 7-12). On May 11, 2005, the next day, plaintiff alleges that she called Dr. Gonzalez to arrange an appointment for treatment but could not reach Dr. Gonzalez. (Docket Entry 1, ¶ 13). That afternoon, plaintiff alleges that Dr. Gonzalez swore out a false arrest warrant alleging that plaintiff was harassing her which resulted in plaintiff's arrest later that same day. (Docket Entry 1, ¶¶ 14-20). As determined in the first lawsuit, the prosecution of the plaintiff for harassment of

---

[1]The first action, Case No. 3-06-0157, was a defamation action involving the same events and statements involved in the instant action. The first action was resolved in favor of the defendant upon defendant's motion for summary judgment. (Case No. 3-06-0157, Docket Entries 19 and 20).

Dr. Gonzalez was resolved by the plaintiff agreeing to a stay away order. (Case No. 3-06-0157, Docket Entry 17, Exhibit A).

Dr. Gonzalez was served with the instant complaint on August 29, 2006 (Docket Entry 5) and filed a timely answer on September 27, 2006. (Docket Entry No. 9). Dr. Gonzalez then filed the instant motion to dismiss and/or motion for summary judgment on December 5, 2006 (Docket Entry 17), along with a memorandum in support (Docket Entry 19), a statement of material facts (Docket Entry 20), as well as an affidavit of the defendant (Docket Entry 18). To date, plaintiff has not filed any response.

### III. LEGAL DISCUSSION

#### A. Standard of Review for Motion for Summary Judgment

The Magistrate Judge has applied the well established standard for determining summary judgment motions. Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails "to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986); Chapman v. The Higbee Company, 256 F. 3d 416, 419 (6th Cir. 2001).

In this connection, it must be noted that the non-movant must present sufficient

admissible evidence on a material issue to qualify his case to go the trier of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Thus, while the non-moving party may produce some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party.

However, "a party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir. 1979). The non-movant's failure to respond does not free the movant of the burden of establishing that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©.

### B. Standard of Review for Motion to Dismiss

According to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court:

> ...must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of acts in support of [her] claims that would entitle [her] to relief...When an allegation is capable of more than on inference, it must construed in plaintiff's favor. Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.

*Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### C. Applicable State Law

A federal court with diversity jurisdiction is required to apply the substantive law of the state in which a state tort claim is raised, *Hostetler v. Consol. Ry. Corp.*, 123 F.3d 387, 390 (6th Cir.1997) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)), unless the law of another state is specifically implicated, *Hisrich v. Volvo Cars of N. America, Inc.*, 226 F.3d 445, 449 (6th

Cir.2000). As the law of another state is not implicated, the substantive law of Tennessee will be applied in this action. Although the district court is required to apply the substantive law of Tennessee in this action, the district court is bound to apply federal procedural rules in a diversity action even if those rules differ from otherwise applicable state rules – and even if the difference is outcome determinative. *Buziashvili v. Inman,* 106 F.3d 709, 719 (6th Cir.1997); *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.,* 288 F.3d 895, 901 (6th Cir.2002).

### D. <u>Analysis</u>

To date, Plaintiff has failed to respond to the instant motion. Therefore, the Court accepts the defendant's statement of material facts (Docket Entry 20) as undisputed for purposes of summary judgment. *Middle District of Tennessee Local Rule 56.01(g).* In light of these facts, as well as review of the entire record, the Magistrate Judge believes that there are no genuine issues of material fact and/or that the plaintiff cannot establish the elements of many of her legal claims as a matter of law. With regards to the resolution of each specific cause of action, the Magistrate Judge agrees with Defendant's attorney's Memorandum of Law (Docket Entry 19) which is well written and well taken. The Magistrate Judge has thoroughly reviewed and cite checked this Memorandum of Law and hereby adopts it with one minor change of citation.[2] Having found this Memorandum of Law to be accurate, the Magistrate Judge sees no reason to repeat it at length in this Report and Recommendation.

### IV. CONCLUSION

---

[2] There is a citation error which is easily corrected here. The standard for negligent misrepresentation (Docket Entry 19, Page15) is contained in *Holt v. Progressive Life Ins.,* 731 S.W.2d 923 (Tenn. Ct. App. 1987)(*citing Brungard v. Caprice Records, Inc.,* 608 S.W.2d 585 (Tenn. Ct. App. 1980)).

For the reasons stated above, the undersigned RECOMMENDS that the defendant's motion to dismiss and/or motion for summary judgement (Docket Entry No. 17) be granted and that this action be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 27 day of December, 2006.

Joe B. Brown
Magistrate Judge